43275. WESTBROOK et al. v. TRAVELERS INSURANCE COMPANY et al.

HALL, Judge. This court on the former appeal reversed the judgment of the superior court based upon its determination that the evidence did not support the finding of the Board of Workmen's Compensation that the parent claimants were partial dependents of their deceased son. *Westbrook v. Travelers Ins. Co.*, 116 Ga. App. 272 (157 SE2d 41). After remittitur the employer made a motion that the superior court rule upon grounds of its appeal which contended that the board's partial dependency award was incorrectly computed and that the court compute the award on the basis of an average weekly wage of $91, or recommit the case to the board for such recomputation. The employer contended that this figure was stipulated as the average weekly wage. The superior court recomputed and granted an award in accordance with the employer's motion.

The record does not support the employer's contention that an average weekly wage of $91 was stipulated.

Though the employer did not raise the point before the board, or on appeal to the superior court, or by contention in his brief, that the average weekly wage properly should have been computed under *Code Ann.* § 114-402, it appears from the evidence that the employee at the time of his death had not been employed by his last employer as long as 13 weeks, and therefore Subsection (1) of that section was not applicable but either Subsection (2) or (3) was applicable. The employer contends in this court that the applicable subsection is (3). However, Subsection (3), providing that "the full time weekly wage of the injured employee shall be used," applies if either Subsection (1) or (2) "cannot reasonably and fairly be ap-

plied." Subsection (2) provides: "If the injured employee shall not have worked in such employment during substantially the whole of 13 weeks immediately preceding the injury, the wages of a similar employee in the same employment who has worked substantially the whole of such 13 weeks shall be used in making the determination under the preceding paragraph."

Since there was no stipulation or evidence upon which a computation could be made under Subsection (2) or showing that it could not reasonably and fairly be applied, the trial court erred in granting the employer's motion.

The award is reversed with direction that the case be remanded to the board with direction that the parties present and the board hear evidence upon which it may compute an award in accordance with *Code Ann.* § 114-402 (2) or (3).

*Judgment reversed with direction. Bell, P. J., and Quillian, J., concur.*

SUBMITTED JANUARY 4, 1968—DECIDED MARCH 5, 1968.

*Cook & Palmour, A. Cecil Palmour,* for appellants.
*Robert Edward Surles,* for appellees.